**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 28, 2013**

# In the Court of Appeals of Georgia

A13A0689. IN THE INTEREST OF R. G., et al., children.

MCFADDEN, Judge.

The mother of minor children R. G., K. B. and H. S. appeals from a juvenile court order granting the Department of Family and Children Services' petition to cease efforts to reunify her with the children. The mother challenges the sufficiency of the evidence supporting the order. Because there is clear and convincing evidence supporting the juvenile court's non-reunification order, we affirm.

> On . . . appeal from an order approving plans for nonreunification, we construe the evidence in favor of the judgment and determine whether a rational trier of fact could have found clear and convincing evidence that reunification services should not be provided. We neither weigh the evidence nor determine the credibility of witnesses; we defer to the juvenile court's factfinding and affirm unless the appellate standard is not met.

*In re the Interest of J. T.*, ___ Ga. App. ___ (Case No. A13A0762, decided May 23, 2013) (citations and punctuation omitted).

So construed, the evidence shows that on August 3, 2011, the juvenile court entered a shelter care order for then four-year-old R. G., ten-year-old K. B. and thirteen-year-old H. S., because the mother had tested positive for cocaine and marijuana, the family home had no running water and the mother's live-in boyfriend had allegedly touched one of the children inappropriately. On September 28, 2011, after an adjudicatory hearing, the juvenile court entered an order finding that the fathers of the children were not present at the hearing, that the mother was present and had stipulated that the children were deprived because she had no stable housing or steady income, that the mother was not employed, and that she relied on her boyfriend to support her drug habit and provide her a home. The juvenile court concluded that the children were deprived and that the causes of deprivation as to the mother were substance abuse, inadequate housing, failure to provide support due to unstable employment, and failure to protect the children from sexual abuse. Temporary custody of the children was awarded to the department, and they were eventually placed with the paternal aunt of one of the children.

On October 17, 2011, the mother agreed to and signed the department's case plan to reunify her with the children, which was later approved by the juvenile court. The reunification plan provided, among other things, that the mother obtain a source of income, that she secure stable housing, that she complete a drug and alcohol assessment, that she test negative for drugs for at least six consecutive months, and that she ensure that her children have no contact with her boyfriend. Thereafter, the mother continued to live with her drug-supplier boyfriend, continued to use illegal drugs and failed to obtain a source of income. During one of the mother's visits with the children at the department office, the boyfriend showed up, and once the caseworker realized who he was "the kids were removed from him at that time." The mother also had the children sign a Father's Day card for the boyfriend and asked them to send him a text message telling him that she needed money for cigarettes.

Although the case plan required her to attend a substance abuse group and actively seek in-patient treatment, the mother stopped going to the group, made excuses about entering treatment and did not do so until April 2012. Upon entering the in-patient program, the mother tested positive for cocaine and marijuana. However, her subsequent tests during the in-patient treatment were negative for drugs. A counselor for the program testified that the mother was on track for

3

successful completion of the program within 12 to 14 months. Although the mother could be employed while in the program, she had not yet gotten a job.

The children's maternal grandmother testified that the mother has a long history with drugs, and that she did not believe the mother would ever "get her life together, quit using drugs and get a job." According to the grandmother, while living with the paternal aunt, the children are happy, safe, well taken care of and loved.

> Reunification services are not required when reasonable efforts to reunify a child with his family would be detrimental to the child. There is a presumption that reunification services should not be provided if the juvenile court finds by clear and convincing evidence that the parent has unjustifiably failed to comply with a previously ordered plan designed to reunite the family....

*In the Interest of J. J.*, 287 Ga. App. 746, 748 (1) (652 SE2d 639) (2007) (citation omitted).

In this case, the juvenile court found that the mother had failed to comply with the previously ordered plan to reunite the family. This finding was supported by ample evidence, as recounted above, showing that she had continued to live with her drug-supplier boyfriend and use illegal drugs, had not obtained a source of income, and had not ensured that her children have no contact with the boyfriend. Given the mother's failure to comply with the previously ordered reunification plan, there is a

presumption that reunification services are inappropriate. "Although this presumption is rebuttable, it has not been rebutted in the instant case." *In the Interest of J. P. V.*, 261 Ga. App. 194, 196 (2) (582 SE2d 170) (2003) (citation omitted). It is true that the drug rehabilitation counselor testified that the mother is on track to successfully complete the in-patient program. However, as the trial court noted, the "admission to drug rehab is the only goal of the [reunification plan] that the mother has worked on." That does not change the fact that the mother has not substantially complied with other requirements of the reunification plan, and is not tantamount to rebuttal of the presumption that reunification is inappropriate. Compare *In the Interest of M. H.*, 251 Ga. App. 528, 530 (554 SE2d 616) (2001) (presumption rebutted by department's own psychologist who testified that mother had substantially complied with plan and opined that reunification was still possible). Accordingly, "[b]ased on all of the evidence presented, the juvenile court properly found that reasonable efforts to reunite the mother and [children] would be detrimental to the child and, therefore, reunification services were not appropriate." *In the Interest of J. P.*, 280 Ga. App. 100, 104 (1) (633 SE2d 442) (2006) (mother failed to comply with court-ordered reunification plan).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*